CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

JUL 10 2018

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| MALCOLM MUHAMMAD,<br>    Plaintiff, | Civil Action No. 7:16-cv-00328 |
| v. | MEMORANDUM OPINION |
| EARL BARKSDALE, et al.,<br>    Defendants. | By:  Hon. Jackson L. Kiser<br>       Senior United States District Judge |

Malcolm Muhammad, a Virginia prisoner proceeding pro se, commenced this action pursuant to 42 U.S.C. § 1983 against various staff of the Virginia Department of Corrections ("VDOC") and the Red Onion State Prison ("ROSP"). Plaintiff complains that Defendants failed to provide adequate process in violation of the Fourteenth Amendment's Due Process Clause and religious feasts in violation of the First Amendment's Free Exercise Clause and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). Defendants filed a motion for summary judgment, and the matter was referred to a magistrate judge pursuant to 28 U.S.C. § 636(B)(1)(b). The magistrate judge recommends that I grant Defendants' motion for summary judgment, and Plaintiff timely objected. After reviewing the record, I overrule Plaintiff's objections, adopt the report and recommendation, and grant Defendants' motion for summary judgment.

I.

A district court must review de novo any part of a report and recommendation to which a party objects, and it must provide its independent reasoning when a party raises new evidence or a new argument in an objection. 28 U.S.C. § 636(b)(1)(C); Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). The reasoning need not be elaborate or lengthy, but it must provide a specific rationale that permits meaningful appellate review. See, e.g., United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009). However, de novo review is not required when objections concern legal issues and not

factual issues. See, e.g., Orpiano, 687 F.2d at 47. Notably, de novo review is not required "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Id. A district court is also not required to review any issue when no party objects. See, e.g., Thomas v. Arn, 474 U.S. 140, 149 (1985); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983).

The Fourth Circuit has held that an objecting party must object "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007).

> To conclude otherwise would defeat the purpose of requiring objections. We would be permitting a party to appeal any issue that was before the magistrate judge, regardless of the nature and scope of objections made to the magistrate judge's report. Either the district court would then have to review every issue in the magistrate judge's proposed findings and recommendations or courts of appeals would be required to review issues that the district court never considered. In either case, judicial resources would be wasted and the district court's effectiveness based on help from magistrate judges would be undermined.

Id. Furthermore, objections that only repeat arguments raised before a magistrate judge are considered general objections to the entirety of the report and recommendation, which has the same effect as a failure to object. Veney v. Astrue, 539 F. Supp. 2d 841, 845 (W.D. Va. 2008).

## II.

The magistrate judge described the claims as follows:

> In his Complaint, (Docket Item No. 1), Muhammad has sued numerous defendants. These defendants include Earl Barksdale, G. Baker, Dwayne Turner, Artrip, Walter Swiney, Roy Sykes, L.R. Collins, A. David Robinson and P. Scarberry. Muhammad's Complaint alleged that he was scheduled to appear for an ICA hearing for classification on April 6, 2015. Muhammad stated that he was not notified of this hearing and was not present during the hearing. Muhammad alleged that the failure to provide him notice and the failure to allow him to be present at this April 6 hearing violated his due process rights under the Fourteenth Amendment. It appears that Muhammad also claimed that the failure

2

of his Dual Treatment Team, ("DTT"), to give him a hearing before placing him on IM status also violated his due process rights. Muhammad also alleged that the failure of Defendants Barksdale and Turner to release him from segregation when his disciplinary conviction was reduced also violated his due process rights.

Muhammad also alleged in his Complaint that, on May 15, 2015, he received a document from Counselor Deel, requesting that all offenders who wanted to participate in Ramadan fill out the document stating the diet with which they wished to fast. Muhammad stated that he wished to receive the Common Fare diet. Muhammad stated that, according to Islam, the fast of Ramadan is to be followed by two feasts – the feast of Eid ul Fitr within three days of the end of the Ramadan fast and the feast of Eid ul Adha within 70 days of the end of Ramadan. Muhammad alleged that, because he was on the Common Fare diet, he was denied these two feasts. Muhammad alleged that the denial of these feasts was a violation of his First Amendment right to the free exercise of his religious beliefs and violated his rights under RLUIPA. In his Complaint, Muhammad alleged, "Ramadan, Eid ul Fitr, and Eid ul Adha [are] ... important practice[s] for Muslims a month of prayer, fasting sacrifice and celebrating that[']s prescribed by Allah, (God), which only comes once a year." Muhammad also alleged that denial of the feasts to him imposed "a substantial burden" on the free exercise of his religion.

(Report and Recommendation 7-8.)

The magistrate judge recommends granting Defendants' motion for summary judgment because Plaintiff failed to establish that any defendant violated federal law. The magistrate judge determined that "Muhammad has offered no evidence that [Barksdale, Artrip, G. Baker, Swiney and Robinson] took any action against him" and did not describe conditions of confinement that implicate federal due process protections. (Id. at 10-11.) For the religion claims, the magistrate judge concluded that Plaintiff failed to establish a substantial burden to his religious exercise by being served Common Fare foods instead of "special" foods for Eid ul Fitr and Eid ul Adha. (Id. at 12.)

Plaintiff's objections to these findings are overruled. He tries to establish the various ways Barksdale, Artrip, Baker, Swiney, and Robinson were involved with his claims and mostly

reiterates his religion claims, which in turn consists mostly of invoking labels and conclusions. Regardless to any defendant's personal involvement, Plaintiff fails to establish how any condition he experienced for six months at ROSP constitutes an atypical and significant hardship in relation to the ordinary incidents of prison life. See, e.g., Sandin v. Conner, 515 U.S. 472, 484 (1995). Consequently, Plaintiff is not entitled to federal due process protections about his brief confinement in segregation, even if prison officials have not followed their own policies or procedures. See, e.g., United States v. Caceres, 440 U.S. 741 (1979); Riccio v. County of Fairfax, Virginia, 907 F.2d 1459, 1469 (4th Cir. 1990). Despite his dissatisfaction with the Common Fare foods like beans served for the feasts, Plaintiff fails to establish any "substantial pressure" on him "to modify his behavior and to violate his beliefs" or force him "to choose between following the precepts of h[is] religion and forfeiting [governmental] benefits, on the one hand, and abandoning one of the precepts of h[is] religion . . . on the other hand." Lovelace v. Lee, 472 F.3d 174, 187 (4th Cir. 2006). Plaintiff's invocation of labels and conclusions are not entitled to an assumption of truth and cannot be used to establish the claim. See, e.g., Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Accordingly, none of Plaintiff's objections are persuasive, and I adopt the report and recommendation.

### III.

For the foregoing reasons, I overrule Plaintiff's objections, adopt the report and recommendation, and grant Defendants' motion for summary judgment.

ENTER: This 10th day of July, 2018.

*[signature]*
Senior United States District Judge

4